J-S05032-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RALPH GENE MYERS, | : | |
| | : | |
| Appellant | : | No. 1057 WDA 2017 |

Appeal from the Judgment of Sentence May 2, 2017
in the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000425-2016

BEFORE:    OLSON, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 20, 2018**

Ralph Gene Myers (Appellant) appeals from the judgment of sentence of nine to 16 months of incarceration imposed after he pled guilty to one count of theft by unlawful taking. We affirm.

On March 2, 2017, Appellant, represented by Armstrong County Public Defender James H. Wray, Esquire, entered a guilty plea to one count of theft by unlawful taking. N.T., 3/2/2017, at 5. In exchange for the guilty plea, the Commonwealth agreed to recommend a sentence of probation and to *nolle pros* the remaining charges. *Id*. at 8. The trial court clarified this agreement with Appellant.

> THE COURT: You understand that once the district attorney comes in and make[s] his recommendation, he's upheld his end of the bargain?
>
> [APPELLANT]: Yes, Your Honor.

*Retired Senior Judge assigned to the Superior Court.

THE COURT:  You understand that[ it is] a recommendation only?

[APPELLANT]: Yes, Your Honor.

THE COURT: It's not binding upon the court and final sentencing authority lies with the judge imposing sentence.  Do you understand that?

[APPELLANT]: Yes, Your Honor.

THE COURT: Of course, failure to sentence you in accordance with the plea recommendation is not a basis to withdraw your plea. Do you understand that?

[APPELLANT]: Yes, Your Honor.

THE COURT:  With these understandings in mind, do you reaffirm your desire to enter a plea in open court?

[APPELLANT]: Yes, Your Honor.

*Id*. at 8-9.

Appellant pled guilty and signed the written plea colloquy.[1]  The trial court scheduled sentencing for May 2, 2017, and Appellant appeared on that date.  The trial court acknowledged that the Commonwealth was recommending probation. N.T., 5/2/2017, at 7.  However, the trial court decided to sentence Appellant to a standard-range sentence of nine to 16 months of incarceration. *Id*.  Attorney Wray affirmed that Appellant completed

---

[1] Here, Appellant entered into an open guilty plea with a sentencing recommendation.  This situation is distinct from a negotiated guilty plea, where the Commonwealth and defendant agree upon the sentence.  Under those circumstances, a defendant may withdraw his guilty plea if the sentencing court does not sentence the defendant to the agreed-upon sentence. ***See Commonwealth v. Root***, ___ A.3d ___, 2018 WL 718543 (Pa. Super. 2018).

a post-sentence colloquy form. *Id*. at 8; *see* Defendant's Post-Sentence Rights, 5/2/2017 (explaining accurately Appellant's post-sentence rights).

On May 10, 2017, Appellant *pro se* requested to withdraw his guilty plea based on the Commonwealth's purported failure to conform to the negotiated plea agreement. That motion was forwarded to the trial court. On May 18, 2017, Appellant *pro se* requested a modification of his sentence, claiming that he was not given sufficient credit for time served. He also requested the trial court reduce his sentence based on his completing certain courses while in jail. Again, this document was forwarded to the trial court. On May 18, 2017, the trial court denied Appellant's motion to withdraw his guilty plea. On May 23, 2017, the trial court scheduled a hearing on the motion to modify sentence for June 26, 2017. On June 20, 2017, Attorney Wray filed a motion to withdraw his appearance. The trial court granted that motion on June 21, 2017.

On June 26, 2017, the trial court held a hearing on Appellant's motion to modify sentence, where Appellant appeared *pro se*.[2] On June 27, 2017, the trial court concluded that Appellant's motion to modify sentence was untimely filed, and therefore it denied the motion. Attorney Wray subsequently re-entered his appearance on Appellant's behalf, and on July 18, 2017, filed a notice of appeal from the order denying Appellant's motion to

---

[2] There is no transcript of this hearing in the certified record.

modify sentence. The trial court ordered Appellant to file a concise statement, and Appellant complied by filing a statement challenging the discretionary aspects of his sentence. The trial court then filed an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant challenges the discretionary aspects of his sentence. Before we reach the issue presented on appeal, we must address concerns about the timeliness of this appeal. The trial court suggests this appeal is untimely filed. Inexplicably, neither Appellant nor the Commonwealth addresses this issue.

"The question of timeliness of an appeal is jurisdictional." *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000). "Except as otherwise prescribed by this rule, the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."[3] Pa.R.A.P. 903(a). With respect to an appeal from a judgment of sentence where a timely post-sentence motion was filed, an appeal must be filed within 30 days of the order denying that motion. *See* Pa.R.Crim.P. 720(A)(2)(a). In addition, an order denying a post-sentence motion must inform a defendant of his right to appeal, the time for filing that appeal, and the right to assistance of counsel. *See* Pa.R.Crim.P. 720(B)(4).

---

[3] Appellant was sentenced on May 2, 2017. The thirtieth day after that is June 1, 2017. This notice of appeal was filed on July 18, 2017.

- 4 -

Instantly, counsel for Appellant did not file a post-sentence motion. However, Appellant filed two *pro se* post-sentence motions while represented by counsel, which we consider mindful of the following.

> In this Commonwealth, hybrid representation is not permitted. Accordingly, [the trial court] will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities. When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4),[4] but no further action is to be taken. Moreover, a *pro se* filing has no tolling effect.

**Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (internal citations omitted) (holding that there is an exception where a trial court is required to docket a *pro se* **notice of appeal** as it protects a constitutional right).

With respect to post-sentence motions, in **Commonwealth v. Nischan**, 928 A.2d 349 (Pa. Super. 2007), this Court held that where a *pro se* post-sentence motion was filed by a represented defendant, that motion

---

[4]

> In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

Pa.R.Crim.P. 576(A)(4).

"was a nullity, having no legal effect." *Id*. at 355. However, an untimely-filed post-sentence motion may toll the time period under certain circumstances.

> Under **Commonwealth v. Dreves**, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*), a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. "The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." *Id*. at 1128–29. Second, the trial court must expressly permit the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. *Id*. at 1128 & n. 6. "If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended." *Id*. at 1128. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." *Id*. at 1129.

**Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

With these principles in mind, we now consider the *pro se* motions filed by Appellant. On May 10, 2017, eight days after sentencing, Appellant filed *pro se* a motion to withdraw his guilty plea. Based upon **Nischan**, **supra**, that motion was a nullity. However, that motion was not forwarded to counsel as required by Pa.R.Crim.P. 576(A)(4). Further compounding that error, the trial court's May 18, 2017 denial of that motion did not inform Appellant of his right to appeal, in violation of Pa.R.Crim.P. 720(A)(2)(a).

Then, on May 18, 2017, 16 days after Appellant's sentencing, Appellant *pro se* filed a motion to modify sentence asserting two claims: 1) that he was not given credit for time served, and 2) that his sentence should be reduced. Again, that motion was not forwarded to counsel in compliance with

Pa.R.Crim.P. 576(A)(4). Moreover, the trial court permitted counsel to withdraw and held a hearing on this motion where Appellant appeared *pro se*. The trial court then denied the motion as untimely filed and complied with the mandates of Pa.R.Crim.P. 720(A)(2)(a). Then, counsel re-entered his appearance and filed a notice of appeal within 30 days of the entry of that order.

We have held that "in the case of fraud or breakdown in the processes of the court," we may excuse the untimely filing of an appeal. ***Commonwealth v. Patterson***, 940 A.2d 493, 498 (Pa. Super. 2007). A breakdown may occur "when the trial court or the clerk of courts departed from the obligations specified in" the Rules of Criminal Procedure. ***Id***. at 499. Based on the foregoing, we conclude there were sufficient procedural missteps by the trial court and clerk of courts, most importantly the failure of the clerk of courts to comply with Pa.R.Crim.P. 576(A)(4), and the failure of the trial court to comply with Pa.R.Crim.P. 720(A)(2)(a), in denying the first *pro se* post-sentence motion. Accordingly, we decline to quash this appeal as untimely filed, and we will proceed to address Appellant's claim.

As noted *supra*, Appellant is challenging the discretionary aspects of his sentence. Specifically, he suggests the trial court erred in sentencing him in the standard range when it could have sentenced him in the mitigated range.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

- 7 -

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four[-]part analysis to determine: (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Disalvo**, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Instantly, we determined *supra* that the appeal was timely filed. However, we must consider whether this issue was preserved in Appellant's post-sentence motion. Even if Appellant's May 18, 2017 post-sentence motion were timely filed,[5] the only discretionary-aspects-of-sentencing claim in that motion was a claim that the trial court should reduce Appellant's sentence because he completed several prison programs. That is not the same claim that Appellant presents on appeal; therefore, we conclude that Appellant has not preserved this issue.[6]

---

[5] Appellant's May 10, 2017 motion to withdraw his guilty plea did not contain a sentencing claim.

[6] In addition, we point out that Appellant has not included a Pa.R.A.P. 2119(f) statement in his brief. Although the Commonwealth has not objected to this failure, we may, in our discretion, decline to address the issue. **See Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004) ("[W]hen the appellant has not included a Rule 2119(f) statement and the [Commonwealth] has not objected, this Court may ignore the omission and

In any event, Appellant's claim that the trial court should have sentenced him in the mitigated range instead of the standard range does not raise a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (internal quotation marks omitted). We conclude that Appellant's argument that the trial court should have sentenced him in the mitigated range instead of the standard range does not present an argument that Appellant's sentence was either "inconsistent with a specific provision of the Sentencing Code," or "contrary to the fundamental norms which underlie the sentencing process."[7] **Id**.

Based on the foregoing, we conclude Appellant has not presented to this Court any basis to disturb his judgment of sentence.

Judgment of sentence affirmed.

---

determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte*, *i.e.*, deny allowance of appeal.").

[7] In fact, Attorney Wray conceded at sentencing that he was "not aware of any" mitigating factors. **See** N.T., 5/2/2017, at 5.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/20/2018